| | |
|---|---|
| JEREMY R. LOVE,[1] )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NORTH CAROLINA DEPARTMENT )<br>OF PUBLIC SAFETY, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Amendment (sic) Complaint [Doc. 12]. Plaintiff is proceeding *in forma pauperis*. [Doc. 6].

I.  **BACKGROUND**

*Pro se* incarcerated Plaintiff filed this civil rights suit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Industrialized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*,[2] addressing incidents that allegedly occurred at the Alexander Correctional Institution. He names as Defendants: Kenneth Lassiter, the North Carolina director of prisons; Chris Ritch, the North Carolina Department of Public Safety (NCDPS) Security Risk Group

---

[1] In his Amended Complaint, the Plaintiff identifies himself as "Jerimy Love El."

[2] Plaintiff also purports to bring claims pursuant to 18 U.S.C. §§ 241-242; however, these criminal statutes provide no basis for a private cause of action.

(SRG) director; FNU Beaver, FNU Dye, and FNU Carver, superintendents of Alexander C.I.; FNU Chester, an SRG captain at Alexander C.I.; FNU Dula and FNU Turner, SRG officers at Alexander C.I.; Betty Brown, NCDPS head of chaplaincy; Swindell Edwards, NCDPS regional chaplain; and FNU Ramsey, the acting chaplain at Alexander C.I.

Plaintiff alleges that Defendants Lassiter, Dye, Beaver, Carver, Ritch, Chester, Dula, and Turner caused Plaintiff to receive disciplinary infractions for committing security Risk Group (SRG) activity. [Doc. 12 at 3]. Plaintiff seems to assert that this violated his religious freedom because the disciplinary proceedings were initiated against him for proclaiming his Moorish American nationality as part of his Moorish Science Temple of America (MSTA) religion.

Plaintiff alleges that Defendants Ritch, Dula, Chester, and Turner are stopping Plaintiff's outgoing mail by labeling legal documents that "proclaim[] [Plaintiff's] nationality as a Moorish American of the MSTA" as SRG Sovereign Citizen material. [Doc. 12 at 5].

Plaintiff alleges that Defendants Lassiter, Ritch, Beaver, Dye, Carver, Chester, Dula, and Turner are discriminating against his religion by stopping him from "proclaiming his nationality" which he is permitted to do under the United States and MSTA Constitutions. [Doc. 12 at 5]. Plaintiff alleges that

2

he is not allowed to attend MTSA services or participate as a member of the Moorish-American "Government Body," which assists the "Grandsheik" to "mak[e] and enforce[e] the law" under the MSTA Constitution. [Doc. 12 at 4].

Plaintiff alleges that Defendants Lassiter, Ritch, Beaver, Dye, Carver, Chester, Dula, Turner, Brown, Edwards, and Ramsey have conspired to: prohibit the wearing of the MSTA fez by permitting only black, white, or brown religious headdresses at Alexander C.I.; cancel MSTA Friday holy service and Sunday school; and place a "gag order" on Plaintiff to prevent him from speaking to "teach love, truth, peace, freedom and justice … [and] exercise his five senses" pursuant to the MSTA Constitution and bylaws. [Doc. 12 at 4].

Plaintiff seeks damages, declaratory judgment, and preliminary and permanent injunctive relief.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. §

3

1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Plaintiff alleges that various Defendants are interfering with his mail, religious exercise, and free speech by labeling his activities as SRG. To the extent that Plaintiff was convicted of the disciplinary offenses for the activities about which he complains, Plaintiff's claims are barred by Heck v. Humphrey,

512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983</u>. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted; emphasis added).

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the Heck rule to claims alleging constitutional deficiencies in prison disciplinary proceedings that have resulted in the loss of good time credits.

Here, Plaintiff alleges that his disciplinary conviction for SRG activity was erroneous. Success on the merits of the present claim would necessarily imply the invalidity of Plaintiff's disciplinary conviction. See, e.g., Edwards, 520 U.S. at 646-47 (plaintiff's claims that he was denied the

opportunity to put on a defense and that there was deceit and bias by the hearing officer would necessarily imply the invalidity of the disciplinary proceedings). Plaintiff, however, has not alleged that the disciplinary conviction has been reversed or otherwise invalidated. Therefore, this claim appears to be barred, and it will be dismissed without prejudice.

To the extent that Plaintiff's claims are based on incidents that were not the subject of disciplinary convictions, they are frivolous and fail to state a claim upon which relief can be granted because the allegations are based on prohibited "Sovereign Citizen" activities.

The MTSA is a group, members of which claim to be outside of the law because of their allegedly Moorish origin. Based thereon, they are considered within the broader category of "Sovereign Citizen" activities. See generally United States v. White, 480 F. App'x 193 (4th Cir. 2012) (rejecting criminal defendant's claim on direct appeal that the district court lacked jurisdiction over his prosecution because he is Moorish American, i.e., he is the descendant of freed slaves and not a U.S. citizen, but rather, confiscated human property). Sovereign Citizens are widely recognized as a security threat group in prisons because the group attempts to undermine governmental authority. See, e.g., Colar v. Heyns, No. 1:12-cv-1269, 2013 WL 141138, at *3 (W.D. Mich. Jan. 11, 2013) ("The 'sovereign citizen

movement' is well documented. The Federal Bureau of Investigation has classified 'sovereign citizens' as domestic terror threats because they are anti-government extremists."); Folson-El Bey v. Wells Fargo Home Mortgage, No. 11-cv-13534, 2012 WL 1453569 (E.D. Mich. Apr. 26, 2012) (discussing the sovereign citizen movement); El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537, 539-43 (D.N.J. 2011) (discussing the overlap between the MSTA and sovereign citizen movements).[3]

Particularly, Plaintiff alleges that Defendants are improperly confiscating his mail that has Moorish American content as SRG material. As a general matter, prisoners have the right to both send and receive mail. See Thornburgh v. Abbott, 490 U.S. 401, 408 (1989); Pell v. Procunier, 417 U.S. 817 (1974). Restrictions on this right are valid if they are reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987). For instance, a prisoner's First Amendment interest in corresponding does not preclude prison officials from examining mail to ensure that it does not contain contraband. Wolff v. McDonnell, 418 U.S. 539, 576 (1974).

Defendants' actions in confiscating mail that has Moorish American content is supported by legitimate prison security and safety concerns. See,

---

[3] Plaintiff seems to allege that he has been disciplined based generally on his seeking to associate with the MTSA. As such, Plaintiff as a whole would appear to facially bar this claim pursuant to Heck.

7

e.g., Best-El Bey v. Paul, 2014 WL 3749144 (W.D.N.C. July 30, 2014) (dismissing Moorish American plaintiff's claims on initial review that mail was improperly confiscated; "[g]iven that Plaintiff has been classified as belonging to a Security Threat Group, the prison has a legitimate penological interest in restricting the possession of the type of documentation that was confiscated from Plaintiff in this case."). The confiscation of SRG material in Plaintiff's mail therefore fails to plausibly state a § 1983 claim.

Plaintiff further alleges that Defendants are violating his religious rights in several ways. As the Fourth Circuit has explained, RLUIPA and First Amendment claims proceed in two stages:

> At the first stage, which is essentially the same for both claims, the plaintiff must show that the prison's policies imposed a substantial burden on his exercise of sincerely held religious beliefs. If the plaintiff can make that showing, we proceed to the second stage, asking whether the prison's policies are justified despite the burden they impose. The standards governing this second stage diverge for RLUIPA and First Amendment claims. Under RLUIPA, the government has the burden to show that its policy satisfies strict scrutiny: that is, the policies must represent the least restrictive means of furthering a compelling governmental interest. Under the First Amendment, the plaintiff has the burden to show that the policies are not reasonably related to legitimate penological interests.

Wright v. Lassiter, 921 F.3d 413, 418 (4th Cir. 2019) (internal citations and quotation marks omitted).

8

Plaintiff alleges that the Alexander C.I.'s religious headdress policy is discriminatory and violates his free exercise and RLUIPA rights "due to the colors that are allowed to be worn as a headdress." [Doc. 12 at 13]. This claim is insufficient because Plaintiff fails to make any allegation as to how prohibiting him from wearing a fez in a non-permitted color substantially burdens his religious exercise. Moreover, a prison policy that prohibits inmates from wearing non-permitted colors is reasonably related to a legitimate penological interest and satisfies strict scrutiny. See, e.g., Jones v. Rowley, No. AMD-08-1094, 2009 WL 7042244, at *4 (D. Md. April 20, 2009), aff'd, 332 F. App'x 932 (4th Cir. 2009) (granting summary judgment for defendants on prisoner's First Amendment and RLUIPA claims challenging color restrictions on religious headgear because "prison officials' security concerns regarding the 'gang' colors of the headgear comprises a compelling security interest outweighing plaintiff's right to perform the particular religious practice.").

Plaintiff further alleges that Defendants prevented him proclaiming his nationality as a Moorish-American, will not permit him to attend Friday religious services and Sunday school, and will not permit him to serve as a member of the "Government Body" of the MTSA. [Doc. 12 at 4]. Plaintiff has failed to plausibly allege how any of these actions substantially burdened his

9

Case 5:19-cv-00075-MR   Document 14   Filed 10/13/20   Page 9 of 12

religious exercise. Moreover, Plaintiff's allegations reveal that the restrictions he is experiencing are the result of his attempts to engage in prohibited Sovereign Citizen activities and speech. Preventing Plaintiff from attending meetings, engaging in speech, and serving in an SRG organization's governing body are penologically justified under rational basis and strict scrutiny review. See, e.g., Ferguson-El v. Horton, No. 7:16-cv-00120, 2016 WL 7031804, at *4 (W.D. Va. Dec. 1, 2016), aff'd, 688 F. App'x 193 (4th Cir. 2016) (granting defendants summary judgment on plaintiff's First Amendment and RLUIPA claims; plaintiff was allowed to teach his religious beliefs but not Sovereign Citizen ideology because it implicated the orderly working and security of the prison). Plaintiff's attempts to recast his anti-government activities as protected religious activity are frivolous and fail to state a § 1983 claim.

Finally, Plaintiff alleges that Defendants have conspired to violate his rights. To establish a civil conspiracy under § 1983, a plaintiff must present evidence that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996); see Hafner v. Brown, 983 F.2d 570, 576 n. 6 (4th Cir. 1992). An essential element in any conspiracy to deprive the plaintiff of his

10

Case 5:19-cv-00075-MR   Document 14   Filed 10/13/20   Page 10 of 12

constitutional rights is an agreement to do so among the alleged co-conspirators. Ballinger v. North Carolina Ag. Extension Serv., 815 F.2d 1001 (4th Cir. 1987). Without such a meeting of the minds, the independent acts of two or more wrongdoers do not amount to a conspiracy. Murdaugh Volkswagen v. First Nat'l Bank, 639 F.2d 1073 (4th Cir. 1981). Where the complaint makes only conclusory allegations of a conspiracy under § 1983 and fails to demonstrate any agreement or meeting of the minds among the defendants, the court may properly dismiss the complaint. See Woodrum v. Woodward County Okl., 866 F.2d 1121 (9th Cir. 1989); Cole v. Gray, 638 F.2d 804 (5th Cir. 1981).

Plaintiff's allegations that Defendants conspired to stifle his Moorish American speech, cancel religious services, and develop a policy restricting religious headdresses are too vague and conclusory to proceed. Plaintiff alleges, in a conclusory manner, that Defendants engaged in a conspiracy but he has failed to allege that a meeting of the minds occurred. Nor has Plaintiff stated any violation of his rights, as previously discussed. His conclusory conspiracy claims will therefore be dismissed for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

In sum, the Amended Complaint is dismissed as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS, THEREFORE, ORDERED** that the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is directed to close this case.

**IT IS SO ORDERED.**

Signed: October 12, 2020

Martin Reidinger
Chief United States District Judge